Filed 7/18/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY PATRIC ANTONELLI,<br><br>   Defendant and Appellant. | 2d Crim. No. B321947<br>(Super. Ct. No. CR27515-2)<br>(Ventura County) |

     Timothy Patric Antonelli acknowledges that in 1991 he "was convicted of provocative act murder." He appeals a postjudgment order denying his Penal Code section 1172.6 (formerly § 1170.95) petition to vacate the first degree murder conviction.[1] Section 1172.6 was added to the Penal Code by Senate Bill No. 1437 (S.B. 1437). (Stats. 2018, ch. 1015, § 4.)

---

    [1] Unless otherwise stated, all statutory references are to the Penal Code.

Effective January 1, 2022, section 1172.6 was amended by Senate Bill No. 775 (S.B. 775). (Stats. 2021, ch. 551, § 2.)[2]

This is the second time that appellant has filed a section 1172.6 petition. Appellant appealed the order denying his first petition. We affirmed in a 2020 unpublished opinion – *People v. Antonelli* (Dec. 1, 2020, B299749) (*Antonelli*).

Appellant claims the trial court erred in denying the second petition without conducting an evidentiary hearing. He argues he made a prima facie case for relief based on S.B. 775's amendment of section 1172.6, subdivision (a) to add the following ground for relief: the petitioner's murder conviction was pursuant to a "theory under which malice is *imputed* to a person based solely on that person's participation in a crime." (*Ibid.*, italics added.) Appellant maintains he was convicted of provocative act murder pursuant to such a theory of "imputed" malice because he did not personally commit a provocative act. The provocative acts allegedly were committed by his accomplices.

Because appellant was convicted of provocative act murder, as a matter of law he is not eligible for section 1172.6 relief. As we explain below, a conviction of provocative act murder cannot be premised on "malice [that] is imputed to a person based solely

---

[2] We deny appellant's request for judicial notice of a "factsheet regarding the impact" of S.B. 1437 and S.B. 775. The factsheet was prepared by the Office of the State Public Defender. Appellant has not shown that the factsheet meets the requirements of Evidence Code section 452, subdivision (h), which permits judicial notice of "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." Furthermore, the factsheet is irrelevant to the issues before us in this appeal.

on that person's participation in a crime . . . ." (§ 1172.6, subd. (a).)  Accordingly, we affirm.

*Facts*

The summary of the horrific facts of this case is primarily taken from our prior unpublished opinion, *Antonelli*, *supra*, slip opn. at pp. 3-5.

On January 1, 1991, Phil Shine called Leslie Phipps in the early morning hours and asked Phipps to come to a New Year's Eve party at Melody Hatcher's and Paul Blair's house in Ojai. Shine asked her to bring marijuana. Phipps declined but told her roommate, appellant, about the party. Appellant called Shine 20 minutes later, asked for directions, and said he would bring marijuana.

Appellant and Frank Stoddard hatched a plan to rob everyone at the party. Phipps overheard Stoddard say something about two guns and splitting something three ways. Stoddard told appellant they would "'pick up Ronnie [Brown] and go on up there.'" Brown told his roommate, Shane Allen, he was going with Stoddard and appellant to "'hit a party in Ojai.'" Appellant and Stoddard picked up Ron Brown. Stoddard and Brown armed themselves with a .30-06 semiautomatic rifle and a .22 semiautomatic pistol.

Appellant knocked on the front door of Melody Hatcher's house and looked to his right outside the doorway as Hatcher opened the door. Wearing ski masks, Stoddard and Brown burst into the house brandishing the rifle and pistol. Appellant cleared the doorway, threw Hatcher down on a couch and got down next to her. Party guests Billie Joe Gregory, August Howard and John Schommer were sitting at the dining room table. Scott Blair was in the bedroom.

Shouting "'police, everybody down,'" Stoddard and Brown herded everyone into the living room and demanded money,

4

drugs, and jewelry.  Stoddard ordered John Schommer to turn over his valuables.  Schommer had nothing.  Stoddard yelled "'then you're just going to die'" and repeatedly kicked Schommer in the head.

Fearing for his life, Gregory turned over his wallet with five dollars in it.  Stoddard hit Gregory in the head with the rifle, knocking him unconscious.  Angry about the paucity of the take, Stoddard yelled "'if this is all the money you guys could come up with, we'll just go over here [and] blow this fucking bitch's [Hatcher's] brains out.'"  Stoddard dragged Hatcher by the hair into the kitchen.

August Howard tried to rescue Hatcher but was shot in the eye by Stoddard.  Shine thought they were all going to die and grabbed for Stoddard's pistol.  A melee ensued.  It was appellant and his armed cohorts versus six or more angry partygoers.

Brown hit Shine with the rifle as Stoddard stood close by with the pistol.  Shine fought back and grabbed the rifle and pistol barrels, as Brown bit down on Scott Blair's thumb.

Gregory jumped into the fray, grabbed the rifle, and clubbed Brown with it until Brown released Blair's thumb.  Brown and Schommer fought one another until Brown held a buck knife to Schommer's neck.  Fearing that Schommer would be killed, Gregory fired two shots, killing Brown.  Someone called 911.

The fighting continued.  Shine and Stoddard struggled to get control of the .22 pistol.  Gregory shot a round at Stoddard, ran out of bullets, and beat Stoddard with the rifle stock until it broke.  Stoddard let go of the pistol and ran.  A white Ford Escort was outside the house with the engine running.  As Gregory ran toward it, appellant drove away and left Stoddard behind.

*Trial Court's Ruling on First Petition*

As to appellant's first petition, the trial court ruled that appellant had made a prima facie case for relief. After an evidentiary hearing, the court denied the petition because "the People have proven beyond a reasonable doubt that [appellant] is guilty . . . under the theory that [he] was 'a major participant' and 'acted with reckless indifference to human life.'" The court considered the "major participant" and "reckless indifference" factors set forth in *People v. Banks* (2015) 61 Cal.4th 788, and *People v. Clark* (2016) 63 Cal.4th 522.

*Prior Appellate Opinion*

In our prior 2020 opinion, we noted that S.B. 1437 "permits defendants convicted of murder pursuant to the felony murder rule or natural and probable consequences doctrine to petition for resentencing based on changes to Penal Code section 188 and 189." (*Antonelli, supra*, slip opn. at p. 2.) But we said that appellant "was tried and convicted for provocative act murder." (*Id.* at p. 8.) We held "that the provocative act murder theory survives Senate Bill No. 1437 . . . and no evidentiary hearing was required." (*Id.* at p. 1.) We stated: "In *People v. Lee* (2020) 49 Cal.App.5th 254 . . . , review granted July 15, 2020, S262459 [but review dismissed on Nov. 23, 2021], our colleagues in Division One held that provocative act murder survives S.B. 1437. Here, [appellant] and two armed accomplices committed a home invasion robbery, during which a victim fought back and killed one accomplice. We agree with the rule and rationale of *Lee*. And, based thereon, we affirm." (*Id.* at p. 3; see also this court's opinion in *People v. Johnson* (2020) 57 Cal.App.5th 257, 269 (*Johnson*) ["we cannot conclude that the Legislature intended to afford relief to persons convicted of murder under . . . theories

6

[not mentioned in section 1172.6, subdivision (a)] such as provocative act murder].)"

In *Antonelli* we observed: "[T]here is a separate and distinct reason why we affirm. Even if [appellant] had been convicted of felony murder and/or [murder under] the natural and probable consequences theory, and even if provocative act murder is a 'subset' of these theories, appellant would still not prevail." (*Antonelli*, *supra*, slip opn. at p. 3.) This is because substantial evidence supports the trial court's finding that appellant "was a major participant and acted with a reckless indifference to human life." (*Id.* at p. 11.) "Regardless of what murder theory was used to convict before the enactment of S.B. 1437, a defendant is not eligible for resentencing if he or she was a major participant in the underlying dangerous felony and acted with reckless indifference to human life. [Citations.] This equates to malice, and more specifically implied malice."[3] (*Id.* at p. 7.) Appellant argues, "While this Court found substantial evidence supported the trial court's major participant and reckless indifference finding, the Court's reasoning was not necessary to the decision and [is] therefore dicta."

---

[3] But see *People v. Silva* (2023) 87 Cal.App.5th 632, 637, fn. 11 ["The court also found the evidence established petitioner was a major participant in the attack and acted with reckless indifference to human life, standards that would be applicable under a felony murder, rather than implied malice, theory."

*Appellant's Second Petition: Defense Counsel's*
*Argument in Trial Court and Trial Court's Ruling*

Section 1172.6, subdivision (a), originally provided, "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court . . . to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply." After our 2020 *Antonelli* decision, S.B. 775 amended section 1172.6, subdivision (a) to provide that a petition may also be filed if a murder conviction was pursuant to a "theory under which malice is imputed to a person based solely on that person's participation in a crime." (Stats. 2021, ch. 551, § 2.)

As to the second petition, appellant argued in the trial court that his murder "conviction falls under [amended] section [1172.6's] ambit as he was convicted on a theory of murder whereby malice murder was imputed to him based on his [accomplices'] commission of provocative acts during the robbery. . . . After S.B.[] 775['s] amendment to section [1172.6], the prosecutor would have been barred from making an argument for murder liability based on . . . a provocative act theory whereby malice was imputed to [appellant] based on his participation in the robbery."

The trial court denied the second petition without conducting an evidentiary hearing. It concluded that appellant had failed to make a prima facie case for relief under section 1172.6, subdivision (c). The court said it agreed with the prosecutor's reasoning. The prosecutor argued: "If there had been a change in the law that applied specifically to [appellant], he would get a new hearing, but that hasn't happened. [¶] . . . I

8

think the Court can make that ruling at the prima facie stage because [appellant] had his hearing already . . . ."

The trial court's minute order states: "The Court notes that [appellant] has previously been afforded a hearing under PC 1170.95 [now section 1172.6]. Judge Gilbert Romero made his findings [on the first petition] beyond a reasonable doubt. This Court has not been convinced that there has been any change in the law that would allow the defendant a second resentencing hearing."

*Provocative Act Murder*

"When someone other than the defendant or an accomplice kills during the commission or attempted commission of a crime, the defendant is not liable under felony-murder principles but may nevertheless be prosecuted for murder under the *provocative act* doctrine." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 654 (*Gonzalez*).) Pursuant to this doctrine, "'"when the perpetrator of a crime maliciously commits an act that is likely to result in death, and the victim kills in reasonable response to that act, the perpetrator is guilty of murder. [Citations.] 'In such a case, the killing is attributable, not merely to the commission of a felony, but to the intentional act of the defendant or his accomplice committed with conscious disregard for life.' [Citation.]" [Citation.] [¶] ". . . [A] participant in the underlying crime who does not actually commit a provocative act himself may nevertheless be vicariously liable for the killing caused by his provocateur accomplice based upon having aided and abetted commission of the underlying crime. [Citations.] Thus, under the provocative act doctrine, a defendant may be vicariously liable for the provocative *conduct* of his surviving accomplice in

9

the underlying crime. . . ."'" (*Johnson*, *supra*, 57 Cal.App.5th at p. 265.)

"'As to the mental element of provocative act murder, the People must prove "that the defendant personally harbored . . . malice." [Citations.] But, malice may be implied . . . .'" (*Johnson*, *supra*, 57 Cal.App.5th at p. 265.)

*Appellant Failed to Make a Prima Facie Case for Relief*

In our prior 2020 opinion, we held that "the provocative act murder theory survives Senate Bill No. 1437" and therefore a section 1172.6 evidentiary hearing is not required where the petitioner has been convicted of provocative act murder. (*Antonelli*, *supra*, slip opn. at p. 1.) This holding is the law of the case. (See discussion of law of the case doctrine in *People v. Stanley* (1995) 10 Cal.4th 764, 786-787.)

Appellant contends, "[T]his Court's holding in the previous appeal that [the] provocative act murder theory survives Senate Bill No. 1437 is not the law of the case [as] to the issue of whether provocative act murder, as applied to [appellant], also survives S.B. 775." Appellant relies on S.B. 775's amendment of section 1172.6, subdivision (a) to provide an additional ground for relief where a murder conviction was pursuant to a "theory under which malice is imputed to a person based solely on that person's participation in a crime." (*Ibid*.) Appellant argues he was convicted pursuant to such a theory because malice was imputed to him based on the provocative acts of his accomplices, Stoddard and Brown. Appellant frames the issue as follows: "Does S.B. 775's amendment to section 1172.6, which authorizes resentencing [of] a defendant convicted of murder on a theory under which malice was imputed to the defendant based on that defendant's participation in a crime, apply to provocative act

10

murder when the defendant did not commit the provocative act?" (Bold omitted.)

S.B. 775's amendment of section 1172.6 is of no benefit to appellant. A defendant cannot be convicted of provocative act murder premised on malice "imputed to [him] based solely on [his] participation in a crime . . . ." (§ 1172.6, subd. (a).) "A murder conviction under the provocative act doctrine . . . requires proof that the defendant *personally harbored* the mental state of malice, and either the defendant or an accomplice intentionally committed a provocative act that proximately caused an unlawful killing." (*Gonzalez*, *supra*, 54 Cal.4th at p. 655, italics added.) We are bound by this Supreme Court pronouncement, which is necessary to its holding in *Gonzales*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) "[U]nder the provocative act doctrine, a defendant may be vicariously liable for the provocative *conduct* of his surviving accomplice in the underlying crime. [Citation.] [¶] [But] [w]ith respect to the *mental* element of provocative act murder, a defendant cannot be vicariously liable; he must personally possess the requisite mental state of malice aforethought when he either causes the death through his provocative act or aids and abets in the underlying crime the provocateur who causes the death. [Citation.] . . . When a defendant, with conscious disregard for human life, intentionally acts in a manner inherently dangerous to human life or, with the same state of mind, aids and abets in the underlying crime, he demonstrates implied malice." (*People v. Mejia* (2012) 211 Cal.App.4th 586, 603, fn. omitted.)

"Thus, section 188, subdivision (a)(3), which provides malice shall not be imputed to a person based solely on his or her participation in a crime, does not affect the theory of provocative

act murder. Unlike natural and probable consequences liability for murder, which contained no requirement of proof of malice [citation], malice aforethought—conscious disregard for life—is a necessary element of a conviction for provocative act murder . . . ." (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 868.) Therefore, "the People must prove a defendant personally acted with implied malice to be convicted of provocative act murder." (*Id*. at p. 870.)

Appellant contends, "[T]he provocative act jury instruction provided to the jury in this case authorized the jury to impute malice to [him] based on Stoddard and Brown's provocative acts." We need not examine the jury instructions to determine whether appellant's contention has merit. Irrespective of the instructions, appellant was not convicted of murder pursuant to a "theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (§ 1172.6, subd. (a).) Appellant was convicted pursuant to the provocative act murder doctrine, which requires that the defendant personally harbor malice. This doctrine is the only murder theory available "[w]hen [as here] someone other than the defendant or an accomplice kills during the commission or attempted commission of a crime." (*Gonzalez*, *supra*, 54 Cal.4th at p. 654.)

Moreover, appellant fails to meet the criterion of section 1172.6, subdivision (a)(3) that a petitioner may seek relief only if "[t]he petitioner could not presently be convicted of murder or attempted murder because of *changes* to Section 188 or 189 made effective January 1, 2019." (Italics added.) S.B. 1437, which amended sections 188 and 189 effective January 1, 2019, did not change the law to prohibit the conviction of provocative act murder premised on malice "imputed to a person based solely on

12

that person's participation in a crime . . . ." (§§ 188, subd. (a)(3), 1172.6, subd. (a).)  Before the amendment, the law of provocative act murder required that the defendant personally harbor malice. (*Gonzalez, supra*, 54 Cal.4th at p. 655.)  It still does.[4]

*Disposition*

The order denying appellant's second section 1172.6 petition is affirmed.

<u>CERTIFIED FOR PUBLICATION</u>.


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

---

[4] In two prior opinions involving the same defendant and criminal offense – *Johnson, supra*, 57 Cal.App.5th at p. 271, and *People v. Johnson* (2013) 221 Cal.App.4th 623, 627, 630 – we said malice could be "imputed" to the "mastermind" of an armed home-invasion robbery who was convicted of provocative act murder even though he had not been personally present during the robbery and murder.  Our use of the word "imputed" was inartful.  We did not mean to suggest that the mastermind could be convicted of provocative act murder regardless of whether he personally harbored malice.  We noted, "As to the mental element of provocative act murder, the People must prove 'that the defendant personally harbored . . . malice.'" (*Ibid*.)

13

Ryan J. Wright, Judge

Superior Court County of Ventura

_____

Claudia Y. Bautista, Public Defender, William Quest, Snr. Deputy Public Defender, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, Theresa A. Patterson, Deputy Attorney General, for Plaintiff and Respondent.